Burke, J.
The question raised is whether an ordinance of the Town of Hempstead regulating the defendants’ business is confiscatory and in violation of the due process clause of both the Federal and State Constitutions.
The defendants seek to revise a judgment of the Appellate Division unanimously affirming a judgment of Special Term upholding the constitutionality of the ordinance and enjoining the defendants from conducting sand mining and excavation on certain property in the Town of Hempstead until a permit has been issued and certain violations of the ordinance have been corrected. They contend that the ordinance cannot be sustained as a valid exercise of police powers and that it violates defendants’ vested rights in an established nonconforming use.
Since the courts below have unanimously found that the defendants’ proof failed to overcome the presumption of constitutionality and to establish the unreasonableness of the regulations, we may not hold that the ordinance which is an exercise of the town’s statutorily delegated police power is invalid, unless there is no justification on “ any state of the facts ”. (United States v. Carolene Prods. Co., 304 U. S. 144, 154.)
The sand and gravel pit in question lies in the midst of a densely populated residential area. Included within a radius of 3,500 feet are more than 2,200 homes and 4 schools with an enrollment of 4,500 children. The pit itself occupies a 38-acre tract of which approximately 20 acres is beneath an artificial lake with an average depth of 25 feet. In order to provide protection against the danger of cave-ins, falls, drownings and water pollution, the ordinance makes provision for setbacks, degrees of slope, barricades, fences, lights, retaining walls and maximum ground water level. Neither the injunction granted nor the ordinance proscribes any future excavation. The injunction merely conditions future operation upon the issuance of a permit from the Town of Hempstead, and the correction of certain violations of the ordinance. There are approximately 18 acres which are available for excavation. The hazards to both life and property accompanying the uncontrolled operation of these pits are common knowledge, and their restraint need not await an event.
*105 The minimal safety standards currently required by the Town of Hempstead have not been demonstrated under the circumstances here to be an unreasonable means to accomplish this end. Upon this record a threat to the community’s welfare may at least be said to be 1 ‘ reasonably apprehended ”. (Wiggins v. Town of Somers, 4 N Y 2d 215, 219.) “ It is to be remembered that we are dealing with one of the most essential powers of government, one that is the least limitable. It may, indeed, seem harsh in its exercise, usually is on some individual, but the imperative necessity for its existence precludes any limitation upon it when not exerted arbitrarily. A vested interest cannot be asserted against it because of conditions once obtaining [case cited]. To so hold would preclude development and fix a city forever in its primitive conditions. There must be progress, and if in its march private interests are in the way they must yield to the good of the community.” (Hadacheck v. Los Angeles, 239 U. S. 394, 410.) It is not the function of the courts but of legislators to determine the “ reasonableness, wisdom and propriety” of the regulations needed to protect the community (South Carolina Highway Dept. v. Barnwell Bros., 303 U. S. 177, 191), and their regulatory power, as the United States Supreme Court has pointed out, governs preexisting uses (Queenside Hills Co. v. Saxl, 328 U. S. 80; Matter of Engelsher v. Jacobs, 5 N Y 2d 370, cert. denied, 360 U. S. 902). Recognizing, therefore, that this court may not question the need for the legislation (Olsen v. Nebraska, 313 U. S. 236, 246) where there is found, as here, a rational basis for the legislative choice and no factual support for declaring it arbitrary (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 418-420), we do not believe that this ordinance can be declared as a matter of law to go beyond regulation to a degree which would impair its validity.
The judgment appealed from, therefore, should be affirmed, with costs.