Thomas R. Hadaway, J.
On October 16, 1969, the plaintiff applied for and was granted a building permit to construct a mobile home on property for which he had a conditional contract to purchase. The plaintiff thereupon purchased the property, improved it with a well and septic system and erected a permanent foundation upon which he had placed his mobile home.
In March, 1970, he was charged by the defendants with permitting a trailer to be maintained on his property in violation of the zoning ordinance of the Town of Warwick. After a criminal trial in the town court, at which he appeared pro se, he was convicted of the violation and directed to remove the trailer. His conviction was subsequently affirmed by the Appellate Term of the Supreme Court.
On August 6, 1970, the plaintiff was served with an order to remedy violation for continuing to maintain the trailer on his property.
*288 The plaintiff now brings this action for a declaratory judgment declaring that the mobile home on his property is not in violation of the zoning ordinance, or in the alternative, for a declaration that the ordinance is unenforceable by reason of (1) estoppel or (2) illegally discriminate enforcement.
While not specifically raised by either party, the court makes the initial observation that the defendant’s prior criminal conviction for violating the ordinance in question is not a bar to this action. A criminal conviction does not create an estoppel in a subsequent civil action (Schindler v. Royal Ins. Co., 258 N. Y. 310), and in any event, collateral estoppel was not alleged as an affirmative defense (see CPLR 3018, subd. [b]).
At the trial the plaintiff attempted to show that there was a distinction between mobile homes and house trailers, and that it was only the latter which were prohibited by the ordinance. While the court is satisfied that a distinction does exist between the two classes of vehicles, it cannot accept that the prohibition in question was intended to apply only to the latter. The ordinance, which regulates “ trailers ”, defines such term as “ any vehicle mounted on wheels, movable either by its own power or by being drawn by another vehicle, and equipped to be used for living or sleeping quarters .and with cooking facilities.” The definition goes further to include “ such vehicles mounted on temporary or permanent foundations with or without the wheels removed ’ ’. The rule of construction requiring that zoning ordinances be strictly construed in favor of the property owner notwithstanding, the evidence in this case, including admissions by the plaintiff, clearly establishes that plaintiff’s mobile home is a “trailer” within this definition. The distinctions pointed out by the plaintiff between mobile homes and house trailers, including size, towing regulations and the necessity for outside hookups, appear to be irrelevant in view of the broadly inclusive language of the ordinance. While there are no reported cases precisely in point, it is worth noting that mobile homes have been held as a matter of law to be within the meaning of the undefined term, “ house trailers ”, as such term is used in the statute authorizing towns to regulate the use and maintenance of house trailers (Town Law, § 130, subd. 21; Mobile Home Owners Protective Assn. v. Town of Chatham, 33 A D 2d 78; see, also, People v. Clute, 18 N Y 2d 999, affirming a conviction for maintaining a mobile home in violation of an ordinance regulating the use of “ trailers ”).
The plaintiff also attempted to show that the initial issuance of the building permit and his reliance thereon should create *289 an estoppel against the town. The law, however, is well settled that an invalidly issued building permit, as here, confers no rights and that a municipality is not estopped from enforcing its zoning laws because of the prior issuance of such a permit (City of Buffalo v. Roadway Transit Co., 303 N. Y. 453; City of Yonkers v. Rentways, 304 N. Y. 499; Matter of B. & G. Constr. Corp. v. Board of Appeals of Vil. of Amityville, 309 N. Y. 730). This rule is based upon the consideration that a municipality should not be bound by the unauthorized acts of its officers and agents and also upon the legal premise that an applicant for a building permit is presumed to know the applicable zoning law. Based as it is upon sound principles, the rule has been consistently followed, and it is the opinion of this court that it effectively precludes a finding of estoppel in this case.
The plaintiff’s final argument is that the prohibition against trailers is unenforceable against him because of the discriminatory manner in which it has been enforced. In effect, this is an unequal protection argument based upon Yick Wo v. Hopkins (118 U. S. 356). In Yick Wo it was recognized that a regulatory ordinance, valid on its face, could be unconstitutional as applied because of the discriminatory fashion in which it is enforced. Borrowing from Snowden v. Hughes (321 U. S. 1, 8), the Court of Appeals has stated the test to be as follows: * ‘ The unlawful .administration by state officers of a .state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person * * * or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself * * * But a discriminatory purpose is not presumed * * * there must be a showing of ‘ clear and intentional discrimination ” ’ ” (Matter of Di Maggio v. Brown, 19 N Y 2d 283, 290).
It is clear that more than mere nonenforcement against other violators is necessary. There must also be shown a deliberate selectivity based upon an unjustifiable standard or arbitrary classification (Matter of Di Maggio v. Brown, supra). What must be shown is an intentional discrimination rather than a discrimination resulting from laxity of enforcement (People v. Utica Daw’s Drug Co., 16 A D 2d 12).
*290 In the ease at bar there was evidence of numerous other mobile homes being maintained in violation of the ordinance and against which no action had been taken. This alone would amount to mere nonenforcement; However, in addition, there was other evidence on the basis of which this court can and does find that such nonenforcement was pursuant to a deliberate and arbitrary classification.
As it existed in 1962, the zoning ordinancé of the Town of Warwick prohibited trailers (as defined above) in residentially zoned districts in the town except upon a temporary and limited basis. This same restriction was included in the ordinance as amended in 1966 and is part of the ordinance as presently amended. Despite the continuation of this restriction, the defendant building inspector testified that it was the policy of the town to proceed only against those trailers installed in the town after 1966. Those trailers maintained prior to 1966, several examples of which were cited, were termed ‘‘ nonconforming ”, and no action was taken against them.
A nonconforming use is a use which lawfully existed prior to the enactment of the zoning ordinance to which it fails to conform. As is generally required by constitutional standards, such uses are exempted from the operation of the ordinance (see People v. Miller, 304 N. Y. 105). However, for such an exemption to apply, whether or not expressly set forth in the ordinance, the nonconforming use must have been legal prior to enactment of the ordinance. (1 Anderson, American Law of Zoning, § 6.11.) A use which is in violation of an ordinance cannot become legally nonconforming as to a subsequent amendment of such ordinance.
In the instant case, trailers which were in violation of the town’s ordinance both before and after the 1966 amendment could not, therefore, properly acquire nonconforming status. It follows then that the town’s policy toward enforcing its restrictions against trailers, at least to the extent that it chose to proceed only against trailers placed after 1966, is arbitrary and unreasonable. Being based upon an unjustifiable standard, the town’s policy amounts to the type of discriminate enforcement proscribed by the Equal Protection Clause of the Constitution. While this alone would entitle the plaintiff to the declaration which he seeks, there is another substantial fault with the town’s enforcement policy which requires comment.
Even assuming that the 1966 amendment specifically exempted pre-1966 trailers, a fact more favorable to the town’s position, such amendment would amount to illegal spot-zoning. In Jack *291 son & Perkins Co. v. Martin (12 N Y 2d 1082), a similar situation was presented. The defendants there had established a trailer camp in 1958 in violation of a zoning ordinance in effect since 1931. In 1960 the ordinance was “amended” to, inter alia, authorize the continued operation of all existing trailer camps and to forbid the establishment of any new trailer camps. In the dissenting opinion in the Appellate Division, which was adopted as the reasoning for unanimous reversal in the Court of Appeals, it was noted that the amendment could not be justified in terms of any comprehensive zoning plan and in effect constituted spot-zoning (16 A D 2d 1, 9). The following criticism of the village’s action in Jackson & Perkins Co. v. Martin is equally applicable to the town’s policy in this case (16 A D 2d 1, 9):
“ The fact that the sites selected for the special privilege were already devoted to trailer camp use does not justify the discrimination. On the contrary, it aggravates the wrongfulness of the spot-zoning. The trailer camps in existence at the time of the adoption of the amendment had been established illegally in violation of the Zoning Ordinance. It was the duty of the village authorities to enforce the ordinance and to compel the trailer camp operators to cease the illegal operation. Instead, the village authorities rewarded the illegal users by making them the recipients of a special privilege.
‘ ‘ This is not a case of authorizing the continuance of a lawful nonconforming use which was in existence prior to the adoption of the Zoning Ordinance: it is rather the case of an unlawful use, illegal from its inception, which was sought to be legalized by spot-zoning in favor of the wrongdoers.”
That in this case the town’s action, or inaction, was the result of an administrative determination rather than an actual change in zoning only compounds the error. There is nothing in the town’s zoning ordinance which would allow a delegation of the power to vary the application of the zoning requirements. Absent such a specific delegation and appropriate guidelines, the town’s policy toward selective enforcement would, in any event, without authority (67 N. Y. Jur., Zoning and Planning Lav d, § 285).
V*or the foregoing reasons, the court will grant the plaintiff judgment declaring that the zoning ordinance of the Town of Warwick, to the extent that it would prohibit the plaintiff from maintaining a mobile home on his property, is unenforceable for the reason that such a prohibition has been enforced in an illegally discriminate manner.