Per Curiam

This article 78 proceeding was brought by distributors of four kinds of pinball game machines to vacate a determination of the Commissioner of Consumer Affairs of the City of New York withdrawing approval for licensing and installation of such machines at various premises in the City of New York pursuant to article 5 of chapter 32 of the Administrative Code of the City of New York (§§ B32-40.0-B32-44.0; 436-8.0). Petitioners, while conceding there is an element of chance involved in the playing of these games, contend they are essentially amusement rather than gambling devices because no contest takes place between the players and machine (i.e., its owners) resulting in the award of a prize, free play or other benefit to any player. The difficulty with that contention is that the code’s provisions are not limited to gambling devices per se. Instead, in relevant parts, they provide: "Gaming devices prohibited. It shall be unlawful * * * to possess or maintain a gaming device or permit the maintenance or operation of any such gaming device in any premises or place” (Administrative Code of City of New York, § 436-8.0, subd c); and "Definitions. Whenever used in this section, the term 'gaming device’ shall mean and include: 1. Any game involving any element of chance * * * 3. Any machine or apparatus of the type, design, class or construction commonly known as pinball or bagatelle” (§ 436-8.0, subd b).
A very extensive declaration of legislative purpose incorporated in the ordinance (§ 436-8.0, subd a) makes clear that it is the use to which such gaming devices are put rather than their inherent characteristics that motivated their interdiction. For the declaration states, among other things, that "such gaming devices encourage and foster gambling among adults and children, tend to cause juvenile delinquency * * * and breed crime, rackets and gangsterism”, that they "are instruments for gambling in their actual operation and use”, that they are "consistently and widely” so used in the city, that many of the places where they are commonly located are "frequented by” and "readily accessible to children” and "in the vicinity of schools”, that "in many instances children have squandered lunch money, carfare and earnings needed to supplement the family income on such devices, and have even committed thefts to obtain money with which to play such *303 devices” and that there are other serious consequences affecting crime in the community that flow from such gaming devices.
The legislation adopted by the municipality is required to be reasonably related to a proper governmental purpose, here the prevention of evils associated with gambling. To reinforce the presumption that the regulation is valid (Nettleton Co. v Diamond, 27 NY2d 182, 193) we have an expressed legislative judgment that there is a strong relationship between gambling and the evils that attend it, on the one hand, and pinball machines, on the other. We cannot say this judgment is irrational. It would not matter whether the courts thought the legislation unwise, or that its purpose could better be achieved in another way, or that the method chosen was ineffective. So long as it has a rational basis, the choice of the particular course to be taken was for the Legislature. The ordinance does not violate due process. Its validity does not depend upon a showing that every pinball machine will in fact be used for an improper purpose. (Cf. Grossman v Baumgartner, 17 NY2d 345, 349.) Also, hardship to the particular petitioner cannot overcome the reasonably presumed public benefit of an otherwise valid ordinance. (Cf. Town of Hempstead v Goldblatt, 9 NY2d 101,105.)
The fact that the commissioner originally approved and licensed these machines does not result in estoppel in this case. An erroneous application of law does not relieve a public official from the obligation to apply and enforce it correctly thereafter. (Rubel Corp. v City of New York, 73 NYS 813, affd 274 App Div 925.) At the administrative hearing which preceded the decision to withdraw the approval, the hearing officer, for the reasons already stated, correctly viewed the issue before him for determination to be not whether the particular pinball machines were gambling devices in and of themselves but simply whether they were either pinball machines or games with an "element of chance” so as to come within the embrace of the ordinance’s language. The determination that they met those criteria was supported by substantial evidence.
Finally, petitioner’s pre-emption argument is not persuasive. Article 225 of the Penal Law dealing with gambling offenses, indicates no legislative intent to reserve to the State exclusive regulatory power in the gambling field so as to prevent a city from deciding to prohibit pinball machines or games of *304 chance. (Cf. People v Cook, 34 NY2d 100; Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250.)
The order of the Appellate Division should be reversed and the petition dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, with costs, and petition dismissed.