Richard E. Edstrom, J.
This is a prosecution of two defendants for violation of the Nassau County Park Ordinance which requires the obtaining of a pass or permit, hereinafter called "leisure pass,” to use the county parks.
In addition, defendant Kautzman is charged with another violation of the park ordinance for disobeying the direction of a park officer to leave the park when it was discovered he had no "leisure pass.”
There is little, if any, dispute about the facts and the court finds that the People have proven a violation of the "leisure pass” ordinance against both defendants and a further violation of ordinance 265 (§ 5, subd D[l]) against defendant Kautzman (disobeying the lawful order of the park employee) beyond a reasonable doubt.
The foregoing would constitute the entire decision of the *928 court were it not for the fact that the defendants have raised the constitutionality of the ordinance and the manner of its enforcement as a defense. They have offered, over objection of the District Attorney, evidence designed to show an illogical, arbitrary and discriminatory enforcement of the ordinance.
The objection of the District Attorney is that the attack on the constitutionality of the ordinance should have been made by motion prior to trial under CPL 170.30 and CPL 170.35. Procedurally, the District Attorney would seem to be correct. CPL 170.35 (subd 1, par [c]) clearly brings constitutionality within the bounds of CPL 170.30 (subd 1, par [a]) and thus CPL 170.30 (subd 2). The court holds that CPL 170.30 (subd 3) grants authority for the method by which the defense was interposed. Certainly, it was in the interest of justice to so rule.
Is the leisure pass ordinance unconstitutional? This court holds that it is not. The question of pure constitutionality, outside of the manner of enforcement, boils down to one of reasonableness. Is it an unreasonable restriction upon its citizens for Nassau County to require them to obtain a leisure pass, pay a fee therefor, and present it each time they use a county park? Again, the answer must be in the negative. The court finds that it is reasonable for a county which has undertaken to provide parks and recreation to its citizens to restrict those parks and those recreational facilities to its residents. As previously stated, the method employed, the leisure pass, is found to be a reasonable response to the problem.
The testimony at the trial showed, however, that there was a random, almost haphazard, enforcement of the ordinance, characterized in the defendants’ brief as "virtually at the whim and caprice of the commissioner.”
This raises the further question: does the manner of enforcement of this ordinance, as disclosed in the testimony, invalidate the ordinance itself?
In one landmark case upon which the defense relies heavily, the Supreme Court of the United States held that discriminatory enforcement of an ordinance could indeed bring about the demise of that ordinance on constitutional grounds. That ordinance, however, contained a discretionary provision, with no standards or guidelines, which the enforcing agency employed to discriminate against a clearly identifiable racial minority. Not only were the targets of the discrimination *929 clearly identified in the evidence, but the pattern of the actual enforcement was clearly and unquestionably discriminatory. All Chinese persons suffered the strictures of the ordinance. No persons of the white race, although similarly situated, did. (Yick Wo v Hopkins, 118 US 356.)
No such discrimination is disclosed by the evidence here.
It is only logical, reasonable and fair that a defense of discriminatory enforcement should be compelled to prove that a pattern of discrimination exists and is directed against an identifiable group or person.
An element of intentional or purposeful discrimination must be shown. (Dalton v Van Dien, 72 Misc 2d 287; Matter of Di Maggio v Brown, 19 NY 2d 283.) Intentional discrimination must be found and not mere laxity of enforcement. (People v Utica Daws Drug Co., 16 AD2d 12.) Mere nonenforcement by itself is not sufficient to establish discrimination and, thus, a violation of the equal protection clause of the Constitution. (People v Friedman, 302 NY 75, app dsmd 341 US 907.) "It is only where the party affected can show a palpable and deliberate scheme to oppress him while excluding all others who come within the terms of the ordinance that such an objection (unconstitutionality) can be sustained.” (Town of Hempstead v Goldblatt, 19 Misc 2d 176, 184 [citing Williamson v Lee Optical Co., 348 US 483], affd 9 AD2d 184, affd 9 NY2d 101, affd 369 US 590; Snowden v Hughes, 321 US 1; People v Friedman, supra.)
The court finds that there is a reasonable relation between the provisions of this ordinance and its purpose. The court is also mindful of the fact that the ordinance must be taken as found and that it may not review the discretion or wisdom of the legislative body which enacted it when it has acted within its powers. (People v Friedman, supra.)
Accordingly, defendant Dahlman is found guilty of the charge and is sentenced to an unconditional discharge. Defendant Kautzman is found guilty of both charges against him and is sentenced to an unconditional discharge on each.