James F. Niehoff, J.
The Lake Success Police Benevolent *937 Association (PBA) by its treasurer brings this proceeding pursuant to CPLR article 78 for a judgment prohibiting the respondent Incorporated Village of Lake Success, its Mayor and board of trustees from interfering with its membership in the solicitation of contributions to the 1975 annual dance or any future annual dance of the PBA. The annual dance of the Lake Success Police Benevolent Association has been held since 1957.
On July 23, 1975 the respondents through the Mayor of the Village of Lake Success informed the Chief of the Lake Success Police Department that the village would allow the PBA to solicit for its 1975 annual dance but confined solicitation to residents and others within the Village of Lake Success. The Mayor’s letter to the Chief of Police reads as follows: "As per request of the Lake Success Police Benevolent Association, the Board of Trustees has approved solicitation by the PBA for the annual dance October 3, 1975. The solicitation may be for the purpose of dance tickets, raffle, journal or other contribution in conjunction with the Annual Dance. However, solicitation must be confined to residents and others within the Village of Lake Success”.
The PBA was warned that any member on active duty with the village who participated in a mail solicitation outside the Village of Lake Success would be suspended and/or fined.
In August of 1975 the respondents notified petitioner that although the limited solicitation would be allowed for the 1975 annual dance, all solicitation would be prohibited in future years.
According to the petition the PBA realizes approximately $600 per member from the proceeds raised at the annual dance. The petition further alleges that the money raised "is used to purchase life insurance for the active members* * *which is not provided by the Village, to pay the balance of the dental insurance premiums not paid by the Village and to pay dues to various police organizations”.
Since the 1975 dance has been hosted and the relief requested with respect thereto has thus been rendered academic, the court will confine itself to the issue of the validity of respondents’ prohibition against all future solicitations by active members of the police force.
Manifestly, the nonsolicitation directive represents an obviously reasonable exercise of respondents’ right to regulate the conduct of the members of its police force (see Matter of *938 Patrolmen’s Benevolent Assn, of City of N.Y. v Kennedy, 25 Mise 2d 63). Confronted with that fact petitioner seeks to challenge the instant directive on two grounds, first, that it constitutes an unlawful interference with its right as an employee organization to provide its members with benefits (Civil Service Law, §§ 202, 203), and second, that it constitutes a breach of an implied contractual obligation to állow the PBA to continue such solicitations.
In the opinion of the court both arguments lack merit.
Respondents’ announced intention to decline permission to solicit in the future cannot be construed as prohibiting the PBA from providing its members with benefits. The prohibition which, as previously noted, is a reasonable exercise of the Mayor’s regulatory powers relates only to the manner in which funds are raised to pay for such benefits and not to the availability of such benefits to the union members. Clearly, alternate means of fund raising, including contributions by its members and/or inclusion in the contract of employment, are available to petitioner.
With respect to the second argument, it is not disputed that the village’s contract with the PBA contains no express provision with respect to the right to conduct an annual dance and that said contract is silent with respect to the furnishing of the benefits which are obtained with the proceeds of the annual dance. Arguing that respondents were aware of the fact that substantial funds were raised by means of the annual dance for the last 19 years and that the village, in contract negotiations, has specifically refused to supply life insurance and dental insurance to its employees stating that since the PBA has its annual dance to raise funds to supply these benefits it is not necessary to add these benefits to the employment contract, the petitioner urges this court to hold that respondents are estopped from prohibiting future solicitation by the petitioner. Stated otherwise, petitioner argues that because of respondents’ course of conduct for the past 19 years it has an implied right to furnish its members with the aforementioned benefits by means of solicitation.
Even assuming arguendo that an implied agreement to permit a dance exists, petitioner is not entitled to the relief requested since the respondent Mayor who is legally responsible for supervising the conduct of the police pursuant to subdivision e of section 4-400 of the Village Law may not be estopped from the performance of his duties owed to the *939 public. (See Matter of Albert Simon, Inc. v Myerson, 36 NY2d 300; Town of Hempstead v Goldblatt, 9 NY2d 101.)
In light of the above, it is the decision of this court that the respondents are entitled to judgment dismissing the petition.