OPINION OF THE COURT
Titone, J.
 We are called upon to determine whether a village may constitutionally impose strict maintenance standards upon private road owners and, in the event of an owner’s failure to comply, whether the village may repair the road and seek reimbursement in a civil action. As shall be demonstrated, the village may impose such maintenance standards, but may not recover the costs in a civil suit against the owner without assessment and levy, because the enabling legislation contemplates an in rem proceeding. In addition, the failure of *68 the village to comply with the requisites of the competitive bidding statutes would, in any event, preclude the village from recovering the cost of the repairs from the landowner.
In 1980, the Village of Avon, noting its necessity for the public’s safety, enacted Avon Village Ordinance § 36.4 setting "Maintenance Standards” for private roads. The first three standards prohibit owners of private roads open to use by the general public from allowing the accumulation of potholes, dust and mud. The ordinance also mandates the crowning of roads so that the center of the road is at least 6 inches higher than either of the edges and prohibits the owner from allowing water to collect on the road. In addition, owners are also required to pave the roads or to spread a minimum base of 18 inches of bank run gravel and a minimum of 6 inches of crusher run gravel. The Village must give a private road owner 10 days notice within which to comply with its provisions, and if the owner then fails to do so, the Village is empowered to expend funds to bring the roadway to standard and recover the cost from the owner in a civil suit. The ordinance also contains provisions for criminal liability.
The Village served notice upon plaintiff pursuant to section 36.5 (A) of the ordinance that his roadway was improperly maintained. Upon plaintiff’s failure to correct the condition within 10 days, the Village constructed a fully complying road at an expense of $8,374.49.
Plaintiff then brought this action against the Village seeking a judgment declaring the ordinance unconstitutional. The Village counterclaimed for $8,374.49, the cost of the improvements. Plaintiff responded that the work had not been opened to public bid pursuant to General Municipal Law § 103, and, therefore, the public expenditure of $8,374.49 was illegal.
After a nonjury trial, the Supreme Court held the ordinance constitutional and directed the entry of judgment in favor of the Village in the sum of $5,000, the maximum contract that may be let without competitive bidding. The Appellate Division reversed, finding that the "Maintenance Standards” were not reasonably necessary to achieve the stated purposes of the ordinance and dismissed the Village’s counterclaim.
On this appeal, defendants seek reinstatement of the Supreme Court judgment. Plaintiff, on the other hand, urges that the ordinance is unconstitutional as violative of due process (A) because there is no reasonable relationship between the objectives that the Village seeks to achieve and the *69 means used to achieve them, and (B) because the procedure of a civil suit exceeds the enabling legislation (Village Law § 4-414). We conclude that the ordinance does not violate due process, but that it does exceed the limitations of Village Law § 4-414 and is invalid to that extent.
In order to sustain a due process challenge plaintiff must, of course, overcome the strong presumption of constitutionality (Lighthouse Shores v Town of Islip, 41 NY2d 7; Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221; Nettleton Co. v Diamond, 27 NY2d 182, 193, appeal dismissed sub nom. Reptile Prods. Assn. v Diamond, 401 US 969) and demonstrate that the ordinance is arbitrary and irrational (Town of N. Hempstead v Exxon Corp., 53 NY2d 747; Lighthouse Shores v Town of Islip, supra, at p 11). This he has failed to do.
To be sure, a Village ordinance enacted under the police power must bear a reasonable connection to the public health, comfort, safety and welfare (Patterson v Carey, 41 NY2d 714, 720; French Investing Co. v City of New York, 39 NY2d 587, 596, appeal dismissed 429 US 990; Montgomery v Daniels, 38 NY2d 41, 54). However, the choice among permissible alternatives is to be made by the Village, not by plaintiff or the courts (Town of N. Hempstead v Exxon Corp., 53 NY2d 747, 757, supra; Matter of Albert Simon, Inc. v Myerson, 36 NY2d 300, 303). The expressed legislative judgment, presumptively the product of appropriate investigation and study (Health Ins. Assn. v Harnett, 44 NY2d 302; Matter of Van Berkel v Power, 16 NY2d 37, 40), that properly maintained private roads are essential to the health and safety of the community, may not, without more, be overridden by the judiciary.
Nonetheless, section 36.5 (B) of the ordinance, allowing the Village to recover the costs of the improvement in a civil suit, must be consistent with any enabling State legislation on the subject (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 107; cf. Dougal v County of Suffolk, 65 NY2d 668, affg 102 AD2d 531).
Village Law § 4-414, authorizes villages to recover such costs in a manner "assessed, levied and collected as may be provided by local law.” There is no indication that the Legislature intended the terms to be utilized in the alternative rather than the conjunctive (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 365; cf. Matter of Allstate Ins. Co. v Libow, 65 NY2d 807, affg 106 AD2d 110; Department of Welfare v Siebel, 6 NY2d 536; Davis Constr. Corp. v County of *70 Suffolk, 95 AD2d 819, 820; People ex rel. Williams v Monroe County Ct., 105 App Div 1). Such proceedings are generally in rem (see, e.g., Lane v City of Mount Vernon, 38 NY2d 344; Matter of Barkin [Dept, of Health], 189 Misc 358 [Froessel, J.]) —requiring an assessment and levy — rather than in personam. Thus, any local ordinance must provide a three-step process of first making an assessment and then a levy, before the costs may be collected. To the extent section 36.5 (B) of the ordinance conflicts with Village Law § 4-414, it is invalid.
These considerations aside, reinstatement of the Supreme Court judgment, which had limited recovery to $5,000, would still be improper because General Municipal Law § 103 requires projects greater than that amount to be submitted to competitive bidding. When, as here, competitive bidding is statutorily required, and the municipality fails to follow that procedure, the contract is completely, not partially, void (S. T. Grand, Inc. v City of New York, 32 NY2d 300; Gerzof v Sweeney, 22 NY2d 297; Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187).
In such circumstances, a third party should not be forced to reimburse a municipality for expenditures it has advanced in connection with a void contract. Ultimately, the policy of "fostering honest competition in order to obtain the best work or supplies at the lowest possible price” (Jered Contr. Corp. v New York City Tr. Auth., supra, at pp 192-193) would be undermined if a municipality could avoid the consequences of failing to comply with the competitive bidding statutes by the simple expedient of recouping part of the costs. The public fisc is still protected (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144) because the municipality is excused from any payment under the void contract, and, indeed, may recover any moneys already paid, even if performance under the contract has been completed and return of the material and labor is impossible (S. T. Grand, Inc. v City of New York, supra; Gerzof v Sweeney, supra; Jered Contr. Corp. v New York City Tr. Auth., supra).
Accordingly, the order of the Appellate Division should be modified, by deleting the provision declaring the ordinance unconstitutional in toto and substituting a provision declaring the ordinance constitutional to the extent that it authorizes repairs to private roads and invalid to the extent that its recoupment provisions conflict with Village Law § 4-414. As so modified, the order should be affirmed, without costs.
*71 Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur; Judge Hancock, Jr., taking no part.
Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.