■ In the Matter of RUSSELL SEKELSKY, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Commissioner of Social Services dated December 16, 1983, which, after a statutory fair hearing affirmed a determination of the local agency to discontinue the petitioner's public assistance and medical assistance grants, the peti-

tioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated April 2, 1985, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's grant of public assistance under the Home Relief program, as well as his entitlement to medical assistance benefits, was terminated in September 1983 when the local agency determined that his monthly income of veterans' benefits exceeded the basic needs budget for a single person in petitioner's position. In December 1983 the respondent Commissioner Perales affirmed the determination of the local agency. The petitioner then commenced the instant CPLR article 78 proceeding to review the determination of the respondent State Commissioner on the ground that he failed to prorate, by dividing in half, the petitioner's monthly income between himself and his 19-year-old son, for whom he was legally responsible. Such proration would render the petitioner's share of the monthly income to be less than the basic needs budget and would entitle him, therefore, to public assistance. Special Term dismissed the proceeding, finding that the State Commissioner's interpretation of the applicable regulations, requiring the petitioner to first apply his income to meet his own needs, was neither irrational nor unreasonable.

We agree with Special Term that the State Commissioner's interpretation of the regulations requiring, in this instance, that petitioner's income be applied first to his own needs is a rational and reasonable interpretation of the regulations and may not be disturbed (18 NYCRR 352.30 [a], [d]; *see also,* 18 NYCRR 352.32 [a], [e], [f]; *Matter of Lumpkin v Department of Social Servs.,* 45 NY2d 351, 356).

Finally, as it appears from the record that the petitioner qualified for medical assistance benefits solely because he was a public assistance recipient, the termination of such benefits was proper upon the termination of the grant. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.