■ In the Matter of ANN L. BRONFMAN et al., Petitioners, v ROBERT F. FLACKE, as Commissioner of the Department of Environmental Conservation, Respondent, and COUNTY OF WESTCHESTER et al., Intervenors-Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environ-

mental Conservation, dated April 29, 1982, which, after a public hearing, approved the Blind Brook Watershed Plan.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The Blind Brook Watershed Plan is a proposal for a project to control flooding and reduce flood damage caused by major storms. The Blind Brook originates in Harrison, New York, and flows through Rye, New York, into Long Island Sound. The project would regulate water flow by the construction, *inter alia,* of two dams on or near the properties of the individual petitioners located in Harrison. The determination under review here is the commissioner's approval of the work plan. That plan is an outline of the proposed project that includes preliminary plans, estimates, cost allocations and other data, but does not necessarily include detailed maps, plans, or specifications that are to be drawn up with the actual construction plans and contracts *(see,* County Law § 299-n [3] [a], [c]).

To validly approve the plan, the commissioner, after holding a public hearing, must find, pursuant to County Law § 299-n (3) (b), that the "plan includes the necessary works of improvement and that the proposed works of improvement, will have no adverse effect on the general and equitable uses of the [State's] water resources". The commissioner must also evaluate the adequacy of an environmental impact statement (EIS) that is prepared concerning any action which may have a significant effect on the environment, and must be satisfied that any adverse environmental impacts have been minimized or avoided *(see,* ECL 8-0109 [2], [8]; *Aldrich v Pattison,* 107 AD2d 258, 262). The commissioner made the appropriate findings in this case. The substantive sufficiency of the EIS will be upheld if it contains a consideration and analysis of each of several categories of information, including, *inter alia,* mitigating measures and project alternatives *(see,* ECL 8-0109 [2]; *Horn v International Business Machs. Corp.,* 110 AD2d 87, 92-93; *Aldrich v Pattison, supra,* at 265).

The petitioners argue that the commissioner erred in not also evaluating the plan under the standards required to obtain permits under the Water Resources Law *(see,* ECL 15-1503 [2]). That title is concerned with the use and distribution of water supplies *(see,* ECL 15-1501 [1]) and is applicable to flood control projects only at the stage where permits for construction must be obtained *(see generally,* ECL 15-1501 [1] [c]; County Law § 299-n [4]). The watershed provisions of the

County Law incorporate the provisions and procedures for the conduct of a public hearing found in the Water Resources Law (see, County Law § 299-n [3] [b]), but contain independent substantive criteria.

In light of this, the commissioner's determination to require compliance only with the standards of the County Law was a rational and reasonable interpretation of the applicable statutes (cf., Matter of Sekelsky v Perales, 126 AD2d 653). The fact that the Department of Environmental Conservation in the past had applied the additional standard does not preclude a change if it determines that the earlier interpretation was incorrect (see, Matter of Albert Simon, Inc. v Myerson, 36 NY2d 300, 303, appeal dismissed 423 US 908). Nor did the decision to delete the standards of the Water Resources Law during the course of the hearing prejudice the petitioners, as the standards are either irrelevant to the instant plan or no more stringent than the standards that were applied.

The claim that this court may not review the sufficiency of the EIS is without merit. The agency that prepared the EIS in this case was the Soil and Conservation Service of the United States Department of Agriculture, because State and Federal law provides for joint participation by State and Federal agencies in developing and implementing flood control projects (see, 16 USC § 1001 et seq. [Watershed Protection and Flood Prevention]; County Law § 299-l et seq.). In such a case, the Federally prepared EIS (see, 42 USC § 4321 et seq. [National Environmental Policy]) may be used to satisfy the purposes of State law (see, ECL 8-0111). The commissioner's and this court's review of the EIS is predicated upon the obligations of State law, and does not involve the prohibited review of the determination of a Federal agency by a State agency or court.

We find that the plan and the EIS have satisfied all of these requirements and that the commissioner's approval of them is supported by substantial evidence in the record and is neither arbitrary nor capricious (see, CPLR 7803). In particular, we find without merit the petitioners' claim that the EIS did not contain an adequate discussion of the alternative proposals for flood control. The EIS contains a discussion of each of these alternatives and detailed comparative numerical and descriptive data in chart form. The conclusion that an adequate analysis of the alternatives was made is further evidenced in supporting documents prepared with the draft EIS in July 1979, and in the thorough discussion and scrutiny concerning the alternatives at the public hearing (see, Webster Assocs. v

*Town of Webster,* 59 NY2d 220, 228-229; *cf., Grazing Fields Farm v Goldschmidt,* 626 F2d 1068, 1074; *National Resources Defense Council v Callaway,* 524 F2d 79, 91-92). The petitioners also failed to demonstrate that the plan was so substantially modified as to require a subsequent supplemental EIS or that new circumstances or information required such a supplemental EIS *(see,* 40 CFR 1502.9 [c]). Revisions were made to the draft EIS, and these changes were indicated in the appendix containing the agency's responses to letters of comment *(see,* 6 NYCRR 617.14 [f] [12], [13]; [h]).

The Federal Watershed Act *(see,* 16 USC § 1001 *et seq.)* requires the Secretary of Agriculture to determine, *inter alia,* that the benefits of the proposed plan shall exceed its costs *(see,* 16 USC § 1005 [1]). While this is not specifically an obligation of any State agency, it would be arbitrary for the commissioner to approve a program if it were clear from the record that the costs exceeded the benefits and that the plan, therefore, might never be ultimately implemented. This court will not disturb the determination in this regard, if the record contains evidence that the benefits exceed the costs and that the determination is not irrational. Here, the evidence in the record amply supports the commissioner's conclusion that the benefits will exceed the costs.

The record shows that the commissioner met the strict standards for compliance with all the procedural requirements of the State Environmental Quality Review Act *(see,* ECL art 8), and for the conduct of a public hearing under ECL 15-1503 *(see, Horn v International Business Machs. Corp.,* 110 AD2d 87, 92, *supra).*

The petitioners also challenge the determination of the Administrative Law Judge to admit testimony of an appraiser retained by the intervenor-respondent County of Westchester, since two employees of the appraiser's firm had made preliminary appraisals for the individual petitioners one year earlier. While it is preferable to avoid appearances of impropriety and of potential conflicts of interest, and it would have been better to require the county to retain a different appraiser, the county demonstrated that the particular appraiser was not involved in the earlier work and did not use any information from the petitioners in performing his work for the county. The petitioners have failed to demonstrate any prejudice, and annulment of the determination for a new hearing would be unnecessary and improvident. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.