■ In the Matter of ELECTRICAL INSPECTORS, INC., Respondent, v VILLAGE OF LYNBROOK et al., Appellants. [740 NYS2d 412] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the Village of Lynbrook to convene a hearing pursuant to Code of the Village of Lynbrook § 112 and to compel it to authorize the petitioners to conduct electrical inspections in the Village, and an action for a judgment declaring, inter alia, Code of the Village of Lynbrook § 112 to be violative of the Sherman Antitrust Act, 15 USC §§ 1 and 2 and General Business Law § 340, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), dated November 30, 2000, as declared Code of the Village of Lynbrook § 112 to be violative of General Business Law § 340 and granted that branch of the petition which was to compel the Village of Lynbrook to advertise and evaluate applications from electrical inspection firms and select more than one such firm to conduct electrical inspections and certifications in the Village for the time period specified in the Code of the Village of Lynbrook.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to compel the Village of Lynbrook to advertise and evaluate applications from electrical inspection firms and select more than one such firm to conduct electrical inspections and certifications in the Village for the time period specified in the Code of the Village of Lynbrook is denied, and it is declared that Code of the Village of Lynbrook § 112 does not violate General Business Law § 340.

This appeal is from a judgment which declared, inter alia, that the Village of Lynbrook violated General Business Law § 340 (hereinafter the Donnelly Act), by enacting an amendment to Code of the Village of Lynbrook § 112 which provides that the Village can appoint one electrical inspection firm for a one- or two-year term after a competitive bidding process. We reverse.

We note that the Village Board of Trustees failed to approve any electrical inspection firm in direct contravention of Code of the Village of Lynbrook § 112. As a result, Electrical Inspectors, Inc. (hereinafter Electrical Inspectors) suffered actual and concrete injury in that it was denied the opportunity to act as the Village's inspection firm. Therefore, Electrical Inspector's claims are ripe for judicial review (*see Chicago & S. Air Lines v*

*Waterman S.S. Corp.*, 333 US 103, 113; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, *cert denied* 479 US 985).

We reject the Village's contention that Code of the Village of Lynbrook § 112 is exempt from antitrust challenge under the state action immunity doctrine. The doctrine is not applicable to this matter in that it deals with application of the Sherman Act to state and municipal conduct and not to the application of the Donnelly Act to municipal conduct (*see Classic Communications v Rural Tel. Serv. Co.*, 956 F Supp 896; *Town of Hallie v City of Chippewa Falls*, 314 NW2d 321; *Capital Tel. Co. v New York Tel. Co.*, 146 AD2d 312, 315).

However, Electrical Inspectors failed to show that "no reasonable basis at all" existed for the challenged portions of the ordinance (*see Lighthouse Shores v Town of Islip*, 41 NY2d 7, 12). Whether the method chosen to appoint an electrical inspection firm was the best option for the Village is not determinative of the issue of constitutionality. So long as the law is not arbitrary or irrational, "the choice among permissible alternatives is to be made by the Village, not by [the parties] or the courts" (*D'Angelo v Cole*, 67 NY2d 65, 69).

Moreover, the possible anticompetitive effects of a limited one- to two-year appointment of an electrical inspection firm do not outweigh the public benefits achieved. Therefore, we find that the challenged portions of Code of the Village of Lynbrook § 112 do not violate the Donnelly Act (*see Hertz Corp. v City of New York*, 1 F3d 121, *cert denied* 510 US 1111). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.