■ In the Matter of CECILE SCHOBERLE, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 235 WEST 71ST STREET, LLC, Intervenor-Respondent. [788 NYS2d 361]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered December 23, 2003, denying the petition and dismissing this proceeding brought pursuant to CPLR article 78 seeking to annul a Division of Housing and Community Renewal (DHCR) order, dated January 17, 2003, which had denied a petition for administrative review and affirmed a Rent Administrator's order rejecting a request for rent reduction, unanimously affirmed, without costs.

The determination that removal of storage space by intervenor-respondent was de minimis and did not support a rent decrease is in full accord with applicable law, was neither arbitrary nor capricious, and had a rational basis in the record (*see Fresh Meadows Assoc. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003 [1976], *affd* 55 AD2d 559 [1976], *affd* 42 NY2d 925 [1977]; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231 [1974]). The Deputy Commissioner did not apply an unconstitutional ex post facto standard in making its de minimis determination, since the policy was neither penal nor criminal in nature (*see Town of Hempstead v Goldblatt*, 19 Misc 2d 176, 182 [1959], *affd* 9 AD2d 941 [1959], *affd* 9 NY2d 101 [1961], *affd* 369 US 590 [1962]). Furthermore, the agency's consideration of the results of its request of tenants for evidence of a lease provision and/or storage boxes was consistent with the remand order of this Court in *Matter of Hakim v Division of Hous. & Community Renewal* (273 AD2d 3 [2000], *appeal dismissed* 95 NY2d 887 [2000]). Nor did the 1995 DHCR Memorandum constitute a change in policy, as opposed to simply a written instruction providing guidelines to a policy already in use. Concur—Friedman, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.