■ BONDED CONCRETE, INC., Respondent, v VILLAGE OF VALATIE, Appellant, et al., Defendants. [817 NYS2d 719]—

Kane, J. Appeal from an order and judgment of the Supreme Court (Hummel, J.), entered January 14, 2005 in Columbia County, which, inter alia, granted plaintiff's cross motion for summary judgment.

Plaintiff alleges that it entered into agreements with defendant Village of Valatie (hereinafter defendant) whereby plaintiff would supply concrete and other materials to defendant for use in a sidewalk improvement project. While it is unclear whether defendant formally solicited bids for concrete materials for this project, defendant's mayor informally sought price quotations from plaintiff, which plaintiff then submitted to defendant. Plaintiff furnished materials for this project to defendant on a call-by-call basis, and defendant accepted those materials. Defendant paid for some of the materials, but plaintiff alleges that it is still owed $19,575.25 plus interest for approximately 25 deliveries.* Plaintiff filed a public improvement lien, then commenced this action to enforce its lien and obtain payment for

---

* The total cost of materials that plaintiff supplied to defendant for this project was approximately $36,961.

the delivered materials. Defendant moved to dismiss the complaint and for summary judgment, prompting plaintiff to cross-move for summary judgment. Supreme Court denied defendant's motions and granted plaintiff's cross motion, directing foreclosure on the lien and judgment in plaintiff's favor. Defendant appeals.

Initially, plaintiff's notice of lien satisfied CPLR 9802. That statute requires a party to file a "written verified claim" (CPLR 9802) with the village clerk before commencing a breach of contract action. The statute does not prescribe the form of such verified claim, nor is there anything prohibiting a document from serving two purposes. The notice of lien here served the purpose of CPLR 9802 by providing the municipality early notice of a potential claim so that defendant could promptly investigate and preserve any evidence related to that claim (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 42 [1985]). Construing the statute liberally (*see* CPLR 104), the notice of lien, while not the ideal vehicle for providing written verified notice of a claim against a village, sufficiently apprised defendant of plaintiff's claim in a timely manner.

Because the meager record here fails to resolve all factual questions regarding the application of General Municipal Law § 103, neither party is entitled to summary judgment. That statute requires municipalities to award contracts based on competitive bidding for public work involving expenditures over $20,000 and purchase contracts over $10,000 (*see* General Municipal Law § 103 [1]). "Municipal contracts awarded without resort to competitive bidding, other than those exempted from such requirement pursuant to General Municipal Law § 103, are void and unenforceable" (*JLJ Recycling Contrs. Corp. v Town of Babylon*, 302 AD2d 430, 431 [2003] [citations omitted]; *see D'Angelo v Cole*, 67 NY2d 65, 70 [1986]; *Gerzof v Sweeney*, 16 NY2d 206, 208 [1965]). Based on the record, we are unable to determine whether the dealings between the parties fall within the statute and, if so, whether they fit within an exemption. Accordingly, neither party is entitled to summary judgment as factual issues need to be resolved.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.

