OPINION OF THE COURT
Memorandum.
The judgment of Supreme Court appealed from and the order of the Appellate Division thereby brought up for review should be reversed, with costs, and the earlier judgment of Supreme Court dismissing the petition reinstated.
Although we are informed that the particular controversy between the parties has now been resolved, we do not dismiss the appeal on grounds of mootness. The issue of statutory construction is one of first instance and of public importance affecting boards of education and trustees of school districts generally and thus likely to recur (Le Drugstore Etats Unis v New York State Bd. of Pharmacy, 33 NY2d 298, 301; Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420, 422, n 1).
We reverse the disposition at the Appellate Division and reinstate the dismissal of the petition for the reasons stated in the dissenting opinion of Mr. Justice Joseph A. Suozzi at the Appellate Division.
The Legislature has vested responsibility and discretion in boards of education and district trustees to choose whether to provide transportation services by extension of existing contracts or to let bids anew. Of course, should a board of education, after competitive bidding, elect to reject all bids and extend the existing transportation contract it may do so (Matter of White Carriage Corp., 16 Ed Dept Rep 354). The issue here is the obverse; may the courts compel the board to reject all bids and to continue with the existing carrier when that carrier later offers to cut its bid price? Whatever might be the apparent short-term economy of mandating acceptance of the lowest cost contract in a single instance, it would be destructive of the competitive bidding process to permit an existing carrier, after having been underbid, then to circumvent the bidding process by unilaterally insisting on extension of its existing contract, even though at a below-bid figure. So to shackle the board or trustee would be to clothe the existing carrier with power to manipulate and thus prospectively to frustrate competitive bidding.