■ In the Matter of MARION SPIELVOGEL et al., Appellants, v STEPHEN I. AIELLO et al., Constituting the Board of Education of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent board of education (board) as affirmed the recommendation of the inspector-general to bar George's Car Service, Inc. (now Arista School Bus Transportation, Inc.) and Marion Spielvogel from doing business with the board, petitioners appeal from a judgment of the Supreme Court, Kings County, entered August 24, 1979, which denied their petition. Judgment affirmed, with $50 costs and disbursements. The finding of the board that petitioner Marion Spielvogel had knowledge of the fact that certain vehicles operated by George's Car Service, Inc., were stolen is supported by substantial evidence. Moreover, as the use of these vehicles goes to the very essence of the contract with the board, the decision to bar petitioners from all future bidding on transportation contracts was not arbitrary or capricious (cf. *Matter of Dellwood Foods*

*v Board of Educ.,* 97 Misc 2d 751). *Abco Bus Co. v Macchiarola* (75 AD2d 831) is inapposite. Unlike this case, the record in *Abco* gave no indication that the disqualified bidders had been guilty of any improper conduct in the actual performance of their prior duties. Quite to the contrary, all of the evidence in *Abco* indicated that prior service had been provided in a competent, lawful, and efficient manner. In addition, the record here is barren of any proof that petitioners were treated in a disparate manner from other potential bidders, or that petitioners relied upon any guidelines which were subsequently amended. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.