■ MERRITT MERIDIAN CONSTRUCTION CORPORATION, Appellant, v NEIL GALLAGHER et al., Respondents-Respondents, and SOL SILVER et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Board of Education of the Beacon City School District which awarded a contract for the sale of school property to respondents Silver and Rosenberg, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated November 24, 1982, which granted respondents' motion to dismiss the petition. Judgment reversed, on the law, without costs or disbursements, motion denied, petition reinstated, and matter remitted to Special Term for further proceedings in accordance herewith. Respondents' time to serve their answer is extended until 20 days after service upon them of a copy of the order to be entered hereon, with notice

of entry. Petitioner commenced this CPLR article 78 proceeding, *inter alia,* to review the respondent board of education's determination to award a contract for the sale of school property to respondents Silver and Rosenberg, doing business as Chelsea Ridge Associates (Chelsea). The petition alleges that on or about March 2, 1982, the respondent board of education solicited bids in order to sell a parcel of undeveloped land located in the Town of Fishkill for the purpose of producing both income and tax assessable land for the school district. To accomplish this dual purpose, certain "restrictive clauses" were included in the advertised bid solicitation. Petitioner submitted an offer, in conformance with the bid specifications, to purchase the property in question for the price of $165,000. The only other bidder, respondent Chelsea, offered to purchase the property for $161,875. The restrictive clauses in the board's bid solicitation were deleted from Chelsea's bid and other terms and conditions were included. Thus, Chelsea's bid to purchase the parcel of land was for a lower price and varied substantially and materially from the advertised bid specifications. Nevertheless, on May 10, 1982, the respondent board of education voted to award the contract to Chelsea. Respondents moved to dismiss the petition based on objections in point of law. Special Term erred in granting the motion. The relief requested in the petition is predicated upon the ground that the respondent board of education exceeded its authority to sell school property by rejecting the highest, responsive offer submitted by a responsible bidder and awarding the contract to a lower bidder, whose offer did not comply with the advertised bid specifications. These allegations are sufficient to state a claim upon which relief may be granted. Pursuant to section 2511 of the Education Law, the board of education is empowered to sell and convey real property when it deems it for the best interest of the school district. When selling school property, the board of education has a fiduciary duty to secure the best price obtainable in its judgment for any lawful use of the premises (*Matter of Ross v Wilson,* 308 NY 605; *Matter of Baker,* 14 Ed Dept Rep 5). The board has discretion to determine the best price for which the property can be sold and to condition the sale on such terms, as, in its judgment, will yield the maximum financial benefits for the school district. The method of sale to be utilized with respect to school property is also within the board's discretion, but that discretion is not unbridled. In order to fulfill its fiduciary duty, the board should adopt the method of sale which will be apt to bring in the best price, be it a sale by auction, private negotiation or competitive bidding (see *Matter of Ross v Wilson, supra,* p 613). Consequently, it was within the respondent board of education's discretion to choose competitive bidding as the method of sale. Additionally, the terms and restrictive conditions imposed in the bid solicitation were within the board's discretion and indicated the board's determination as to what would constitute the best price obtainable upon the sale of said property. However, after the board exercises its discretion as to the method of sale and the bid specifications, its duty, absent the retention of the right to reject any and all bids, is to accept the highest, responsive offer proffered from a responsible bidder for a lawful use (see *Matter of Ross v Wilson, supra*). Here, the board's retention of the "right to reject one and all bids" in the bid solicitation merely preserved its right to reject the highest, responsive offer. Upon the rejection of the highest responsive offer, the reservation of a right to reject could not serve as authorization for the board's acceptance of a lower bid, whose terms were substantially and materially at variance with the advertised bid specifications and was tantamount to a proposal for new bid specifications. Acceptance of such a lower bid would constitute a breach of the board's fiduciary duty and the substitution of the judgment of said bidder for that of the board of education as to what terms and conditions would yield the maximum financial benefits for the school district.

Moreover, having chosen competitive bidding as the method of sale, the respondent board of education was obligated to reject a bid, where the variance between the bid and specifications was material and substantial, in order that all bidders may be treated alike and to avoid the possibility of fraud, corruption, or favoritism (cf. *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson,* 62 AD2d 28, 31-32, affd 46 NY2d 960; *Matter of Signacon Controls v Mulroy,* 32 NY2d 410, 415). Assuming after the receipt of all bids, the board had determined from a position of hindsight, that bid specifications other than those previously advertised would produce the best price, its option was to reject all bids and solicit new bids by advertising the revised bid specifications (cf. *Matter of Baumann & Sons Buses v Board of Educ.,* 46 NY2d 1061). We further note that since the property in question was not adjacent to a school, the lawful use to which the property would be put by the vendee is not an educational consideration empowering the board to depart from the performance of its duty to accept the highest responsive offer (see *Matter of Ross v Wilson, supra;* cf. *Matter of Speciale,* 1 Ed Dept Rep 691). Accordingly, we find the facts alleged in the petition state a legally cognizable claim upon which relief may be granted (CPLR 7803, subd 3). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.