■ J. I. Case Company, Doing Business as Case Power and Equipment, Appellant, v Town Board of the Town of Vienna et al., Respondents. — Judgment unanimously reversed, on the law, with costs, and matter remitted to Supreme Court, Oneida County, for new trial, in accordance with the following memorandum: Section 103 of the General Municipal Law requires municipalities to obtain sealed bids for the purchase of items costing over $5,000. When specifications are drawn in such a way that only one manufacturer can meet them, competitive bidding is effectively eliminated (*Matter of McNutt Co. v Eckert*, 257 NY 100, 104; *Matter of Resco Equip. & Supply Corp. v City Council*, 34 AD2d 1088). Such a scheme is illegal in the absence of a showing that it is essential to the public interest (*Gerzof v Sweeney*, 16 NY2d 206, 211-212).

Petitioner made a prima facie showing that the specifications drawn up by respondent Town Board could be met only by a John Deere machine. Respondent thus had the burden of establishing that its preferences are essential to the public interest. We note that the proof established a basis for some, but not all, of the features unique to John Deere. We also observe that the Trial Justice closed the proof before respondent rested. This may have foreclosed the town from establishing its case. This error may have resulted from the parties' opening remarks, in which it was noted that the issue to be decided was whether the Case bid deviated in any material respect from the specifications. Nevertheless, the verified petition does assert that the specifications were drawn so narrowly so as to exclude all but one manufacturer. Accordingly, the matter is remitted for a new trial to resolve whether the town's preferences are essential to the public interest. (Appeal from judgment of Supreme Court, Oneida County, O'Donnell, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and Moule, JJ.