■ In the Matter of BARRY FELDMAN et al., Appellants, v STEPHEN G. MILLER, as President of the Board of Education of the Sewanhake Central High School District, et al., Respondents, and ROSENSHEIN ASSOCIATES et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondents-respondents to declare the petitioners the successful bidders to purchase surplus school property, the petitioners appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered March 23, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents-respondents and the intervenor-respondent Rosenshein Associates, appearing separately and filing separate briefs.

We agree with the Supreme Court that the petitioners are not entitled to be declared the successful bidders on the subject property. Initially, we note that since the sale of the property is not governed by a competitive bidding statute, the respondents-respondents were free to use whatever procedure

they believed would yield the best price for the property *(see, Matter of Ross v Wilson,* 308 NY 605, 611). In this case they chose the request for proposal (hereinafter RFP) method of sale. The RFP set forth certain conditions to which all proposals would be subject, including the reservation of the right to reject any proposal for any reason whatsoever, and the right to negotiate independently with any of the interested parties. In light of these express conditions, the respondents-respondents were entitled to reject the proposal made by the petitioners during the third round of bidding and to consider a postbid proposal of the intervenor Breslin Realty Development Corp. (hereinafter Breslin). The expectation of obtaining better bids constitutes a rational basis for rejecting a previous round of bids *(see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144; *Orelli v Ambro,* 41 NY2d 952).

In addition, we find that the record is devoid of any proof that the respondents-respondents exhibited favoritism toward Breslin or treated it more favorably than the petitioners *(see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra; Board of Educ. v Bimco Indus.,* 85 AD2d 588; *Matter of Spielvogel v Aiello,* 78 AD2d 657, 658). In this regard we note that the respondents-respondents permitted the petitioners to submit a postbid proposal which was even higher than the one made by Breslin, and invited the petitioners, Breslin and the intervenor Rosenshein Associates to participate at an auction where it would entertain verbal bids from these three parties. Finally, with respect to the alleged conflict of interest of the respondents-respondents' special counsel, we note that the mere " 'appearance' " of impropriety is not a sufficient ground to disturb the respondents-respondents' decision "absent a showing of actual favoritism, fraud or similar evil" *(Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,* at 148).

We have examined the petitioners' remaining contentions and find them to be without merit. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.