■ BOARD OF EDUCATION OF THE FARMINGDALE UNION FREE SCHOOL DISTRICT et al., Respondents, v THOMAS GULOTTA, as County Executive of the County of Nassau, et al., Appellants. (Action No. 1.) EDUCATIONAL BUS TRANSPORTATION, INC., et al., Respondents, v COUNTY OF NASSAU et al., Appellants. (Action No. 2.) BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent, v COUNTY OF NASSAU et al., Appellants. (Action No. 3.)— In consolidated actions for a judgment declaring that Local Laws, 1987, No. 4 of the County of Nassau is unconstitutional, illegal, and invalid, the defendants appeal from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered August 18, 1989, which granted that relief.

Ordered that the judgment is affirmed, without costs or disbursements.

On September 28, 1987, Local Laws, 1987, No. 4 of the County of Nassau was adopted by the county's Board of Supervisors and signed by the County Executive. The law, which became effective on October 15, 1987, added a new title D-6 to chapter 21 of the Nassau County Administrative Code which sets forth that it was "the intent of the County of Nassau, as an exercise of its police power, to promote the general health, safety and welfare of its residents by enacting this legislation, since it is a finding of the County Executive and the Board of Supervisors that the licensing of school bus companies is a desirable practice to insure the safety and the protection of its residents with respect to the safe operation of school buses within the County of Nassau" (Nassau County

Administrative Code § 21-16.0). The law contains detailed provisions (1) requiring that school bus companies obtain licenses before, *inter alia,* owning, maintaining or operating transportation services, (2) authorizing safety inspections of school buses, and (3) conferring wide powers on the County Commissioner of Consumer Affairs to administer the law.

The plaintiffs in these three consolidated actions sought a judgment declaring that Local Laws, 1987, No. 4 of the County of Nassau is unconstitutional and therefore invalid. In the judgment appealed from, the Supreme Court declared the law to be unconstitutional, illegal and invalid. In its decision, the court held that the provision providing for licensing of school bus companies by the County Commissioner of Consumer Affairs as a prerequisite to their operation of school buses within the county ran afoul of Vehicle and Traffic Law § 1604. In addition, the court held that the State had preempted the area of legislation dealing with transportation of school children by enacting Education Law §§ 3623 and 3624, Transportation Law § 140 (2) (a) and (c), and Vehicle and Traffic Law § 375 (20), (21), and (21-b).

We recognize that the home rule provisions of our State Constitution confer broad police powers upon a local government concerning the welfare of its citizens *(see, Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 96). A local government may not, however, impose an additional layer of regulation where the State Legislature has evidenced its intention to preempt the field of regulation *(see,* NY Const, art IX, § 2 [c]; *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 104-105; *People v De Jesus,* 54 NY2d 465; *cf., Jancyn Mfg. Corp. v County of Suffolk, supra).* Nor may a local government exercise police powers in an enactment which is inconsistent with a State law. Legislative intent to preempt a field need not be expressly stated but may be implied *(Consolidated Edison Co. v Town of Red Hook, supra,* at 105), and impermissible inconsistency may be found even where no direct conflict exists if the local law operates to inhibit the operation of a State law so as to thwart its overriding policy concerns *(see, Consolidated Edison Co. v Town of Red Hook, supra,* at 108; *cf., Jancyn Mfg. Corp. v County of Suffolk, supra,* at 97).

Vehicle and Traffic Law § 1604 expressly provides that local authorities, except as provided in that law, have no power to enact a law requiring from any owner or operator of a motor vehicle a tax, fee, license or permit for the use of the public highways. It is clear that Local Laws, 1987, No. 4 of the County of Nassau, insofar as it prevents maintaining, operat-

ing or engaging in a transportation service in the business of transporting persons to and from a school without a license is in conflict with Vehicle and Traffic Law § 1604. Moreover, those provisions of the Vehicle and Traffic Law, the Education Law and the Transportation Law cited by the Supreme Court constitute a broad and detailed legislative scheme for the regulation of school buses in this State, which evinces an intention on the part of the State to preempt this entire field. Any local legislation with respect to this subject matter would inhibit the operation of these State laws so as to thwart the State's general laws and the operation of the State's overriding policy concerns.

With respect to the defendants' contention that the portions of the law which are declared invalid are severable from the remaining valid portions, we note that since this issue does not appear to have been previously raised in the proceeding, it is not preserved for our review (*Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals,* 112 AD2d 988). In any event, the provisions of Local Laws, 1987, No. 4 of the County of Nassau are so interwoven with each other that it is impossible to distinguish the valid from the invalid (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 150 [d]). Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.