■ In the Matter of STUDENT BUS COMPANY, INC., et al., Appellants, v BOARD OF EDUCATION OF THE RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Board of Education of the Ramapo Central School District, dated May 21, 1991, rejecting all bids for the transportation of students for the 1991-1992 school year, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Bergerman, J.), entered July 12, 1991, which, *inter alia,* dismissed the petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The Ramapo Central School District, in its notice to bidders, expressly reserved the right to reject all bids received for the transportation of students for the 1991-1992 school year. Contrary to the petitioners' contentions, we find that the School District properly renewed its transportation contract with Ramapo Valley Rapid Transit Co., Inc. (hereinafter Ramapo Valley) after exercising its right to reject the bids it had previously solicited *(see,* Education Law § 305 [14]; *Matter of Baumann & Sons Buses v Board of Educ.,* 46 NY2d 1061, 1063; *Matter of White Carriage Corp.,* 16 Educ Dept Rep 354, 355). By renewing Ramapo Valley's existing contract at a price equal to the low bid of the petitioner Student Bus

Company, Inc., the School District obtained "the necessary transportation at the best price available" *(Matter of White Carriage Corp., supra,* at 355), from a company with which it has had a longstanding, good relationship. Mangano, P. J., Bracken, Sullivan, Harwood and Copertino, JJ., concur.