OPINION OF THE COURT
 

 Smith, J.
 

 In this matter, a school board solicited contract bids in two alternative categories for school transportation routes — the first category for each individual transportation route in the school district; and a second for all the routes in the aggregate. The board chose to award the contracts to the lowest responsible bidders in the aggregate category and then sought to obtain further price concessions through postbid negotiations with these vendors. Petitioner, one of the lowest bidders in the first, individual category, argues that the postbid negotiations conducted by the board violated New York’s competitive bidding laws. Because petitioner has failed to demonstrate that the award process was unlawful or improper, we decline to set aside the determination of the school board.
 

 During June 1995, the School Board of the Roosevelt Union Free School District solicited bids in accordance with Education Law § 305 (14) (a) and General Municipal Law § 103 for "Regular Transportation” and "Special Education Transportation” contracts. For both the regular transportation contract and the special education contract, the District requested bidders to submit alternative proposals. Bidders were asked to submit one bid for each individual transportation route (the individual bids) as well as a second bid combining all the routes under each contract (the aggregate bids) in the two school transportation categories. The board reserved the right to award either contract on an individual route basis or an aggregate basis.
 

 Seven carriers submitted bids. For the regular transportation routes, the lowest aggregate bid was $516,035 by We Transport while the sum of the lowest individual bids made by six different vendors was $500,880. For the special education transportation routes, the lowest aggregate bid was $881,600 by Valley Transit while the total of the lowest individual bids made by four different vendors was $679,535. Petitioner was the lowest bidder on 13 individual school routes it bid in the
 
 *54
 
 regular transportation group and 15 individual school items it bid in the special education group.
 

 After the bids were opened but before the contracts were awarded, the board entered into negotiations with the lowest aggregate bidders in the two transportation divisions, Valley Transit and We Transport. The board did not negotiate with other vendors, and claims that it saved money in administrative costs by reducing the number of vendors it would have had to deal with were it to award the contracts on an individual route basis. As a result of these negotiations, both We Transport and Valley Transit reduced their aggregate bids below the sum of the individual bids.
 

 On August 28, 1995, petitioner commenced a CPLR article 78 proceeding in which it sought to set aside the board’s award of the two transportation contracts. Petitioner contended that the contract awards were the result of impermissible postbid, preaward negotiations in violation of public bidding statutes, notwithstanding the fact that such negotiations were conducted with the lowest aggregate bidder in the transportation group for which the contract was awarded. Supreme Court dismissed the petition. The court initially noted that the Board "had a right and a duty to consider the benefits of a single contract holder for administrative purposes” and "reduced the cost to the school district” through postbid negotiations. The court concluded that the selection process did not indicate "favoritism, collusion or fraud” but, rather, appeared "to be in the best interest of the taxpayers and students of the Roosevelt Union Free School District.” The Appellate Division affirmed and this Court granted leave to appeal. We now affirm.
 

 The Education Law provides that "contracts for the transportation of school children * * * shall be awarded to the lowest responsible bidder, which responsibility shall be determined by the board of education or the trustee of a district” (Education Law § 305 [14] [a];
 
 see
 
 also, General Municipal Law § 103 [1]). We have stated that the laws requiring competitive bidding were designed to benefit taxpayers rather than corporate bidders and, thus, should be "construed and administered 'with sole reference to the public interest’ ”
 
 (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,
 
 66 NY2d 144, 148 [citation omitted];
 
 see also,
 
 General Municipal Law § 100-a). As we recognized in
 
 Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth.
 
 (88 NY2d 56), there are:
 

 "two central purposes of New York’s competitive
 
 *55
 
 bidding statutes, both falling under the rubric of promoting the public interest: (1) protection of the public fisc by obtaining the best work at the lowest possible price; and (2) prevention of favoritism, improvidence, fraud and corruption in the awarding of public contracts”
 
 (id.,
 
 at 68).
 

 These separate goals are not incompatible. Favoritism or irregularity in the bidding process may ostensibly produce monetary savings. However, the use of such means to meet that singular end is still unsustainable because the complete public interest is ultimately promoted by fostering honest competition.
 
 (See, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,
 
 at 148;
 
 Jered Contr. Corp. v New York City Tr. Auth.,
 
 22 NY2d 187, 193 ["(a) contract procured through fraudulent and collusive bidding is void as against public policy”].) However, a spectral "appearance of impropriety” is insufficient proof to disturb a board’s determination under the competitive bidding statutes
 
 (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,
 
 at 150). Petitioner has the burden to demonstrate "actual” impropriety, unfair dealing or some other violation of statutory requirements when challenging an award of a public contract
 
 (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,
 
 at 149-150;
 
 see also, Janvey & Sons v County of Nassau,
 
 60 NY2d 887, 889;
 
 Matter of Baumann & Sons Buses v Board of Educ.,
 
 46 NY2d 1061).
 

 Here, petitioner concedes that the school board has the right to solicit bids in alternative categories and to select the lowest responsible bidder in either category
 
 (see, Matter of Bimco Indus.,
 
 11 Ed Dept Rep 191, 192 ["It is well settled that a board of education may ask for bids in the alternative and that it may exercise reasonable discretion in the selection of the alternative it desires”]). Nor does petitioner challenge the practice wherein a board attempts to gain cost concessions on a public contract through postbid, preaward negotiations with the lowest responsible bidder
 
 (see, Matter of Fischbach & Moore v New York City Tr. Auth.,
 
 79 AD2d 14,
 
 Iv denied
 
 53 NY2d 604;
 
 cf., Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,
 
 at 149). Rather, petitioner argues that postbid negotiations with the lowest bidder in one category may not be conducted to the detriment of the lowest bidder in another category. In challenging the postbid negotiations with the lowest aggregate bidders, petitioner raises no separate,
 
 *56
 
 identifiable proof of impropriety apart from the fact of the negotiations themselves.
 
 *
 

 In
 
 Fischbach
 
 (79 AD2d 14,
 
 supra),
 
 the petitioner argued that a board was required to either accept the low bid
 
 "precisely as submitted
 
 or reject all bids and open the contract for a further round of bidding”
 
 (id.,
 
 at 16). The Court disagreed and held that once the bidding process fairly produces a lowest responsible bidder, there was no supervening interest or policy consideration which precluded negotiating and obtaining a postbid, preaward price concession from that very same bidder. However, the Court properly cautioned that a municipality may not "engage in postbid negotiations through which a contractor
 
 other than the low bidder
 
 may become the low bidder”
 
 (id.,
 
 at 20) or "coerce a low bidder to making unfair and unwarranted concessions” through the threat of rejecting all bids
 
 (id.,
 
 at 22).
 

 Petitioner claims that the
 
 Fischbach
 
 rule may not be extended to cover bids in alternative categories. Here, the board reasonably chose the lowest responsible bidder in the category in which the greatest savings in administrative time and costs could be realized. The subsequent negotiations with the lowest responsible bidders in the chosen category did not constitute an improvident second bite of the apple to be measured against bids in the other category. Apart from mere speculation, petitioner raises no identifiable "favoritism, improvidence, fraud [or] corruption” stemming from the process used to award the subject school transportation contracts
 
 (Matter of New York State Ch., Inc., Associated Gen. Contrs. v New York State Thruway Auth., supra,
 
 at 68). In the absence of such proof, the determination of the board ought not be disturbed.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.
 

 *
 

 Appellant submits evidence to this Court that was stricken from the record by the Appellate Division. This evidence is disregarded in keeping with the general rule that this Court will not consider material dehors the record (see,
 
 Board of Educ. v Gootnick,
 
 49 NY2d 683, 687;
 
 Crawford v Merrill Lynch, Pierce, Fenner & Smith,
 
 35 NY2d 291, 298).