■ In the Matter of G.L.G. MINI-STORAGE, INC., Appellant, v COUNTY OF NASSAU et al., Respondents. [673 NYS2d 733] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Nassau dated October 16, 1996, which, in effect, denied the petitioner's objections to the sale of certain surplus real property to the respondent East Coast Floral, Inc., via sealed competitive bidding, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), dated May 9, 1997, as, upon granting reargument of the petitioner's motion to nullify the acceptance by the County of Nassau of the bid of the respondent East Coast Floral, Inc., and vacating the acceptance by the respondent

County of Nassau of the bid of the respondent East Coast Floral, Inc., directed the County of Nassau to rebid the sale of the real property.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

This matter concerns the sale of surplus real property by the respondent County of Nassau pursuant to County Law § 215 (6). The petitioner's bid for the property was rejected and the County accepted the higher bid of the respondent East Coast Floral, Inc. (hereinafter East Coast). However, that bid contained an unauthorized contingency that, in effect, gave East Coast a unilaterally-declared right to avoid its contractual obligation if the property did not receive "an acceptable Phase I environmental assessment". Therefore, the Supreme Court correctly vacated the bid, since it materially varied from the terms of the sale and conferred upon East Coast an advantage that was not made available to other bidders (see, Matter of AT&T Communications v County of Nassau, 214 AD2d 666).

Contrary to the appellant's contention, it does not have the right to compel the County to accept its bid, which was the next highest bid. Rather, "[a] bid is a binding offer to make a contract. And since a bid is only an offer, there is no contract until there is an acceptance" (10 McQuillin, Municipal Corporations § 29.65, at 461 [3d rev ed]). The seller is free to reject the bids prior to acceptance (see, S.S.I. Investors v Korea Tungsten Min. Co., 80 AD2d 155, affd 55 NY2d 934; see also, Matter of Schiavone Constr. Corp. v Larocca, 117 AD2d 440; Matter of Callanan Indus. v City of Schenectady, 116 AD2d 883).

The County had the right to reject all bids, including that of the appellant, because the appellant's "offer" was never accepted, and the County included as a term of the sale "the right to reject any or all bids in its sole discretion" (see, Merritt Meridian Constr. Corp. v Gallagher, 96 AD2d 933, 934). As this Court held under analogous circumstances in Matter of Superior Hydraulic v Town Bd. (88 AD2d 404, 409), the proper remedy is not to order the award of the contract to the next eligible bidder, but to reopen the bidding (see also, Matter of Sanford Fire Apparatus Corp. v Board of Fire Commrs., 81 Misc 2d 992; Matter of Stage v Whitehouse, 43 Misc 2d 703). Accordingly, the Supreme Court correctly denied that branch of the appellant's motion which was to compel the County to accept its bid. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.