■ ATLANTIC MUTUAL INSURANCE COMPANY, Respondent, v SEA TRANSFER TRUCKING CORPORATION, Appellant. [696 NYS2d 114] —Order, Supreme Court, New York County (Emily Goodman, J.), entered December 16, 1998, which, *inter alia*, denied defendant's cross-motion seeking summary judgment on its defense of limitation of liability, the dismissal of plaintiff's action due to spoliation of evidence, and the imposition of sanctions and costs upon plaintiff, unanimously affirmed, without costs.

The denial of defendant's cross-motion was proper in all respects. Summary judgment on the basis of the limitation of liability defense was properly denied where triable issues of fact remained as to whether the disappearance of plaintiff's goods from defendant's warehouse gave rise to a claim for conversion (*see, I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657). Although it was undisputed, *inter alia*, that defendant received possession of the goods, that it failed to deliver them as agreed, that the goods disappeared from defendant's warehouse, that defendant's employee filed a police report to the effect that the removal of the goods was unauthorized, and that a portion of the goods was recovered two years later, these facts permitted more than one inference to a finder of fact: either that the goods were stolen by a third party or they were converted by defendant. Significantly, defendant offered no explanation as to how the shipping container containing plaintiff's goods, which could only be removed by truck, was taken from the premises. There was no sign of a burglary. Consequently, no determination as a matter of law could properly be made as to the conversion issue or the issue of the viability of defendant's limitation of liability defense. In such instance, summary judgment must be denied (*see, Supan v Michelfeld*, 97 AD2d 755, 756).

The motion court also properly disposed of the spoliation of evidence issue. As the court stated, denial of the motion to dismiss and for other relief was warranted by the circumstance that the evidence allegedly despoiled—the facts as to the salvaging of the recovered goods and the notice to defendant

thereof—was not crucial to the determination of the key issue here, whether or not the goods were converted (*see, Squitieri v City of New York*, 248 AD2d 201; *Kirkland v New York City Hous. Auth.*, 236 AD2d 170; *Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp.*, 221 AD2d 243). Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.