■ In the Matter of ELDOR CONTRACTING CORP., Appellant, v EAST MEADOW UNION FREE SCHOOL DISTRICT et al., Respondents. [718 NYS2d 92] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent East Meadow Union Free School District dated July 27, 1998, awarding an electrical contract to the respondent Palace Electrical Contractors, Inc., the petitioner appeals from a judgment of the Supreme Court, Nassau County (Gibson, R.), entered May 28, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination is annulled, the petition is otherwise denied and the proceeding is otherwise dismissed, and the matter is remitted to the respondent East Meadow Union Free School District for further proceedings in accordance herewith.

In March 1997, as part of a district-wide program to upgrade its facilities, the respondent East Meadow Union Free School District (hereinafter the District) solicited bids on a "District Wide Computer Technology & Electrical Wiring Reconstruction" contract (hereinafter the contract). Among the companies that submitted bids were the petitioner, Eldor Contracting Corp. (hereinafter Eldor), and the respondent Palace Electrical Contractors (hereinafter Palace). Palace submitted the lowest bid, but its bid exceeded the amount which the District had allocated for the job, and was not accepted.

Instead, the District reduced the scope of the work to be done on the contract and solicited bids on the reduced contract. Eldor submitted a bid on the reduced contract, but Palace did not. Nevertheless, after the bids on the reduced contract were opened, the District entered into negotiations with Palace based on work which was "about the same" in scope as that for the reduced contract. The District awarded a contract, with similar specifications as those contained in the reduced contract, to Palace.

Thereafter, Eldor commenced the instant proceeding pursuant to CPLR article 78, *inter alia*, to review the determination to award the contract to Palace, and direct the District to award the contract to Eldor. After a hearing, the Supreme Court, Nassau County, denied the petition and dismissed the proceeding. We reverse and grant the petition to the extent of annulling the District's award of the contract to Palace.

It is well settled that "the purpose of the laws in this State requiring competitive bidding in the letting of public contracts is 'to guard against favoritism, improvidence, extravagance, fraud and corruption' " (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 148, quoting *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 193; *see, Matter of Acme Bus Corp. v Board of Educ.,* 91 NY2d 51, 54). Because they "were intended for the benefit of the taxpayers," such laws must "be construed and administered 'with sole reference to the public interest' " (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., supra,* at 148, quoting from 10 McQuillin, Municipal Corporations § 29-29, at 302 [rev 3d ed]; *see, Matter of Acme Bus Corp. v Board of Educ., supra;*

*Matter of Fischbach & Moore v New York City Tr. Auth.,* 79 AD2d 14, 19). It has been recognized that "the complete public interest is ultimately promoted by fostering honest competition" (*Matter of Acme Bus Corp. v Board of Educ., supra,* at 55).

In this type of proceeding, the petitioner "has the burden to demonstrate 'actual' impropriety, unfair dealing, or some other violation of statutory requirements" (*Matter of Acme Bus Corp. v Board of Educ., supra,* at 55, quoting from *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.,* 66 NY2d 144, 149-150). Contrary to the hearing court's determination, Eldor satisfied that burden. Although a municipality may engage in postbid, pre-award negotiations with the lowest responsible bidder in order to gain cost concessions (*see, Matter of Acme Bus Corp. v Board of Educ., supra*), it "may not engage in postbid negotiations through which a contractor *other than the low bidder* may become the low bidder" (*Matter of Fischbach & Moore v New York City Tr. Auth., supra,* at 20 [emphasis in original]). Here, the District entered into postbid negotiations with Palace on the reduced contract, despite the fact that Palace had not bid on that contract. This impermissibly enabled Palace to become the low bidder on the reduced contract. Therefore, the District's determination awarding the contract to Palace should be annulled.

The matter, therefore, is remitted to the District to seek new bids on the contract pursuant to law (*see, Matter of Browning-Ferris Indus. v City of Lackawanna,* 204 AD2d 1047; *Matter of Progressive Dietary Consultants v Wyoming County,* 90 AD2d 214).

The appellant's remaining contentions are without merit. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.