■ In the Matter of FRATELLO CONSTRUCTION CORPORATION, Respondent, v TUXEDO UNION FREE SCHOOL DISTRICT, Appellant, and BUILDING MATRIX, INC., Respondent. [726 NYS2d 705] —In a proceeding pursuant to CPLR article 78 to review a determination of the Tuxedo Union Free School District awarding a construction contract to the respondent Building Matrix, Inc., the Tuxedo Union Free School District appeals from a judgment of the Supreme Court, Orange County (West, J.), dated September 8, 2000, which granted the petition, annulled the determination, and awarded the contract "as bid" to the petitioner.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to award the contract to the petitioner, and substituting therefor provisions denying that branch of the petition and directing the appellant to reopen the bidding; as so modified, the judgment is affirmed, with costs to the petitioner.

The petitioner Fratello Construction Corporation contends that it submitted the lowest bid for general contracting work on a project (hereinafter the Base) and two alternate construc-

tion jobs (hereinafter Alternate Nos. GC-1 and GC-2) proposed by the appellant Tuxedo Union Free School District (hereinafter the District). The bid form for the project included an appropriately-entitled paragraph, followed by a line and the word "Dollars," where bidders could write their bids for the Base and Alternate No. GC-1, but did not contain a similar paragraph and line for Alternate No. GC-2.

The respondent Building Matrix, Inc. (hereinafter Building Matrix), submitted a proposed bid of $2,650,000 for the Base. In the space indicating Alternate No. GC-1, its bid was $73,000. The petitioner submitted a proposed bid of $2,645,000 for the Base and $69,000 for Alternate 1. The petitioner then added the words, "Addendum No.1—Alternate No. GC-2," added a line followed by the word "Dollars" identical to that pre-printed on the form following Alternate No. GC-1, and bid $45,000 for Alternate No. GC-2.

When the bids were opened on July 10, 2000, the District considered Building Matrix to have submitted "no bid" for Alternate No. GC-2. An hour later, a representative of Building Matrix contacted the architect for the District and explained that, since the bid form did not contain a space for a bid for Alternate No. GC-2, the bid of Building Matrix of $73,000 was for both Alternates. The District awarded the contract to Building Matrix as the lowest bidder.

The bidding instructions for the Project required the submission of a bid for each proposed alternate. Building Matrix gained an unfair advantage by offering greater services for less money, an advantage unavailable to the other bidders (*see, Matter of AT & T Communications v County of Nassau,* 214 AD2d 666, 667; *Matter of Tony's Barge Serv. v Town Bd.,* 210 AD2d 234, 235; *cf., Matter of Eldor Contr. Corp. v Suffolk County Water Auth.,* 270 AD2d 262). The noncompliance by Building Matrix had the effect of adversely affecting competitive bidding and thereby undermining competition (*see, Matter of T.F.D. Bus Co. v City School Dist.,* 237 AD2d 448, 449; *cf., Matter of Varsity Tr. v Board of Educ.,* 130 AD2d 581, 582).

In addition, the District should not have conferred privately with Building Matrix, which it initially believed had not bid for Alternate No. GC-2, in order to correct its bid. "[W]hen essential information is missing from a bid at the time of opening, it may not later be supplied by a private understanding between the bidder and the municipality or otherwise" (*Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 32, *affd* 46 NY2d 960).

Public work contracts are to be awarded "to the lowest

responsible bidder" (General Municipal Law § 103 [1]; *see, Matter of Acme Bus Corp. v Board of Educ.*, 91 NY2d 51; *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144). In light of the finding of material noncompliance by Building Matrix, the petitioner was the lowest bidder for the Base and two Alternates of the construction project.

However, the District, "Advertisement for Bids" provides that it "reserves the right to * * * reject any or all Bids." Thus, the proper remedy is not to order the District to accept the petitioner's bid but, rather, to reopen the bidding (*see, B.C.I. Indus. Catering v County of Nassau Dept. of Gen. Servs.*, 270 AD2d 345, 346; *G.L.G. Mini-Storage v County of Nassau*, 251 AD2d 329; *Matter of Superior Hydraulic v Town Bd.*, 88 AD2d 404; *see also, Eldor Contr. Corp. v East Meadow Union Free School Dist.*, 278 AD2d 492). O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.