■ In the Matter of SICOLI & MASSARO, INC., Appellant, v GRAND ISLAND CENTRAL SCHOOL DISTRICT et al., Respondents.

[765 NYS2d 109] —Appeal from a judgment (denominated order and judgment) of Supreme Court, Erie County (NeMoyer, J.), entered August 27, 2002, which dismissed the CPLR article 78 petition and vacated a stay.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent Grand Island Central School District (School District) to award a public improvement contract to petitioner as the lowest bidder. Supreme Court dismissed the petition and vacated a stay enjoining the School District from awarding the contract to respondent Summit Construction Group, Inc. (Summit).

Part 13.2 of the bid instructions states that "[t]he Contract will be awarded to that qualified bidder whose base bid, *together with any alternates which the* [School District] *may wish to accept, totals the lowest number of dollars*" (emphasis added). Petitioner appeared to be the low bidder on the base bid, but chose not to bid one of the alternates, Alternate M. Choosing to have Alternate M completed, the School District ultimately awarded the contract to Summit, whose base bid was higher than petitioner's, but who had bid Alternate M. Petitioner contends that the School District violated General Municipal Law § 103 when it failed to select bidders on alternates blindly or to prioritize alternates prior to bidding. Petitioner further contends that the School District improperly changed the bid specifications after the close of the bidding because it was aware that part of Alternate M could not be constructed. We reject petitioner's contentions.

The Court of Appeals has stated that, in the awarding of public contracts, an " 'appearance of impropriety' is insufficient proof to disturb a board's determination under the competitive bidding statutes. Petitioner has the burden to demonstrate 'actual' impropriety, unfair dealing or some other violation of statutory requirements when challenging an award of a public contract" (*Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 54-55 [1997] [internal citations omitted], quoting *Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 150 [1985]).

We agree with respondents that petitioner has failed to demonstrate actual favoritism or impropriety on the part of the School District in this case. While the School District's failure to prioritize the alternates prior to the bids being opened may give the process an appearance of impropriety, that is "not a

sufficient ground to disturb [the School District's] decision 'absent a showing of actual favoritism, fraud or similar evil' " (*Matter of Feldman v Miller*, 151 AD2d 755, 756 [1989], quoting *Conduit & Found. Corp.*, 66 NY2d at 148). We agree with the court that the School District provided a plausible explanation for not giving a priority ranking to the alternates in that its representative testified that it could not do so because it did not know the cost of each alternate until it opened the bids. Moreover, petitioner was on notice that, by not bidding on a particular alternate, its bid could be rejected as irregular. We further agree with the court that the School District provided a rational basis for its decision to have Alternate M constructed and therefore reasonably rejected petitioner's bid because petitioner failed to bid on that alternate (*see Matter of Mitchell*, 40 Ed Dept Rep 88, 94-95 [Decision No. 14,428]). Because petitioner has not overcome the presumption of regularity with respect to the School District's selection of alternates, the court properly dismissed the petition (*see Matter of S.S. Silberblatt v Phalen*, 41 Misc 2d 899, 904-905).

We also reject petitioner's contention that the School District improperly changed the specifications after the close of the bidding process. This Court has stated that: "[t]he competitive bidding statutes * * * do not apply where the changes involved are merely incidental to the original contract * * *. The law recognizes the necessity for changes in public contracts as construction goes forward. Change orders may be issued without competitive bidding as to details and minor particulars. However, no important general change may be made which so varies from the original plan or is of such importance as to constitute a new undertaking" (*Elia Bldg. Co. v New York State Urban Dev. Corp.*, 54 AD2d 337, 342 [1976]).

In this case, the School District representative testified that a negative change order could be executed to remove the small portion of Alternate M that could not be completed. We agree with respondents that such a change is incidental to the entire contract and cannot be considered a material variance from the original specifications (*see id.*). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.