■ Sodexho Management, Inc., Respondent-Appellant, v Nassau Health Care Corporation, Appellant-Respondent. [805 NYS2d 551]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated September 13, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendant's motion which were, in effect, to dismiss the second, third, fourteenth, and sixteenth affirmative defenses to the counterclaims, and denied its cross motion for summary judgment dismissing the fifth affirmative defense to the complaint and the twelfth counterclaim.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

A "spectral 'appearance of impropriety' " does not establish that a contract for public work was awarded in violation of the competitive bidding statutes (*Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 55 [1997]; *see Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 150 [1985]; *Matter of Sicoli & Massaro v Grand Is. Cent. School Dist.*, 309 AD2d 1229, 1230 [2003]). A party challenging the validity of a public contract has the burden of demonstrating "actual" impropriety, unfair dealing or some other violation of statutory requirements (*see Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, *supra* at 55; *Matter of Conduit & Found. Corp. v*

*Metropolitan Transp. Auth., supra* at 149; *I. Janvey & Sons v County of Nassau,* 60 NY2d 887, 889 [1983]; *Matter of Sicoli & Massaro v Grand Is. Cent. School Dist., supra*).

The Supreme Court properly determined that the defendant failed to meet its burden in this regard by establishing, prima facie, its entitlement to summary judgment dismissing the complaint. Where different inferences may be drawn from facts that are undisputed, the case must go to trial and summary judgment must be denied (*see Shea v Johnson,* 101 AD2d 1018, 1019 [1984]; *see also Atlantic Mut. Ins. Co. v Sea Transfer Trucking Corp.,* 264 AD2d 659 [1999]; *Enman v Person,* 155 AD2d 376 [1989]; *Supan v Michelfeld,* 97 AD2d 755, 756 [1983]). Here, differing inferences may be drawn from the undisputed facts, such as whether or not the plaintiff's predecessor-in-interest gained an unfair advantage or improperly used its influence to secure favorable terms in the bidding process. Consequently, a triable issue of fact exists regarding whether the contract was illegal, void, and unenforceable, and this factual issue must be determined at a trial (*see* General Municipal Law § 103 [1]; Nassau County Charter §§ 702, 2401-b; *see generally Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., supra*; *Matter of Automated Wagering Intl. v New York State Dept. of Taxation & Fin.,* 195 AD2d 169 [1994]; *Matter of Construction Contrs. Assn. of Hudson Val. v Board of Trustees, Orange County Community Coll.,* 192 AD2d 265, 267-268 [1993]; *Matter of Wilson Omnibus Corp. v Fallsburg Cent. School Dist.,* 167 AD2d 803, 804 [1990]). Thus, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. The Supreme Court also properly denied the plaintiff's cross motion to dismiss the fifth affirmative defense to the complaint and the twelfth counterclaim for recoupment of all payments made under the contract. Further, contrary to the plaintiff's contention, the defendant was not estopped from asserting its twelfth counterclaim (*see D'Angelo v Cole,* 67 NY2d 65, 70 [1986]; *Gerzof v Sweeney,* 22 NY2d 297, 305 [1968]).

In addition, the defendant's twelfth counterclaim was timely interposed (*see* CPLR 203 [d], [f]; *X.L.O. Concrete Corp. v Rivergate Corp.,* 190 AD2d 113, 118 [1993], *affd* 83 NY2d 513 [1994]; *see also Town of Amherst v County of Erie,* 247 AD2d 869 [1998]). The defendant had standing, as the successor-in-interest to the County of Nassau, to prosecute all of the counterclaims asserted in the amended answer (*see* Public Authorities Law §§ 3403, 3406, 3418 [1]; *Gerel Corp. v Prime Eastside Holdings, LLC,* 12 AD3d 86 [2004]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.