*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 12, 2015                    519277
_____

In the Matter of BLUELINE
    COMMUTER, INC.,
                        Appellant,
        v                                        MEMORANDUM AND ORDER

MONTGOMERY COUNTY et al.,
                        Respondents.
_____

Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

        Lustberg & Ferretti, Glens Falls (Joan M. Ferretti of
counsel), for appellant.

        Douglas E. Landon, County Attorney, Amsterdam, for
Montgomery County, respondent.

        Wollman Law Firm, Amsterdam (Paul L. Wollman of counsel),
for Brown Transportation, Inc., respondent.

_____

McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (J. Sise, J.),
entered April 8, 2014 in Montgomery County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to, among other things, review a determination of the
Montgomery County Board of Supervisors awarding a transportation
service contract to respondent Brown Transportation, Inc.

        Petitioner is a private bus company that has provided
transportation services through contracts with several counties,
including respondent Montgomery County.  The County released a

request for sealed bids (hereinafter RFB) seeking a carrier to transport special needs children to preschool programs throughout the County. For eight of the routes, petitioner submitted the lowest bid. However, due to a specification in the RFB that all bidders have a fleetwide out of service rate of less than 15% – which equates to a Department of Transportation (hereinafter DOT) inspection pass rate of greater than 85% – petitioner's bid was rejected, as its DOT pass rate for the relevant time period was less than 85%. The County instead awarded the contract to the only other bidder, respondent Brown Transportation, Inc., which met the RFB specifications. Petitioner commenced this proceeding seeking to annul the County's determination. Supreme Court dismissed the petition, prompting petitioner to appeal.

The County's bid specification in the RFB was not preempted by state law. Preemption applies where there is "express conflict between local and [s]tate law" or "where the [s]tate has evidenced its intent to occupy the field" (Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377 [1989]; accord Matter of Cohen v Board of Appeals of Vil. of Saddle Rock, 100 NY2d 395, 400 [2003]). In the Transportation Law, the Legislature has indicated an intention for the state "to regulate transportation by motor carriers," for both safety and economic reasons (Transportation Law § 137; see Transportation Law § 140 [2]; Board of Educ. of Farmingdale Union Free School Dist. v Gulotta, 157 AD2d 642, 644 [1990]), and granted exclusive jurisdiction over safety regulations for motor carriers to the Commissioner of Transportation (see Transportation Law § 140 [8]), thereby preempting the field of safety regulations for motor carriers. Although the County's RFB specification of an out of service rate exceeded the inspection pass rate in DOT regulations, which provide that a motor carrier's authority to carry passengers within the state may be suspended or revoked for an out of service rate of 25% or more (see 17 NYCRR 720.32 [a] [2]; see also Transportation Law §§ 145 [1]; 156 [2]), preemption does not apply under the circumstances here. The RFB does not constitute a local law; it is merely a conduit seeking offers to enter into a contract. Additionally, the RFB does not conflict with state law. The County is not conducting inspections of buses, but is relying on the results of DOT inspections (compare Board of Educ. of Farmingdale Union Free School Dist. v Gulotta,

157 AD2d at 642-644 [finding that state law preempted county law authorizing safety inspections of school buses and requiring school bus companies to obtain licenses from the county]). The County is not attempting to regulate transportation or carrier safety. Any motor carrier, including petitioner, can continue to operate its buses in the County even if that carrier does not exceed an 85% pass rate. The failure to meet such a rate only disqualifies that carrier from being awarded a contract to provide transportation services to the County and be paid by the County for those services. Thus, preemption does not apply and state law does not invalidate the RFB specification.

Supreme Court properly dismissed the petition. General Municipal Law § 103 (1) requires that municipalities award purchase contracts above a certain monetary threshold to the "lowest responsible bidder" to protect the public's finances and prevent corruption or favoritism in the awarding of public contracts (see Matter of L&M Bus Corp. v New York City Dept. of Educ., 17 NY3d 149, 156 [2011]; Lancaster Dev., Inc. v McDonald, 112 AD3d 1260, 1262 [2013], lv denied 22 NY3d 866 [2014]). Municipalities are permitted to include bid specifications that may be more favorable to some bidders over others, as long as the public interest is served and the specifications are not intended to ensure that one particular bidder be awarded the contract (see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d 56, 67 [1996]; Gerzof v Sweeney, 16 NY2d 206, 211 [1965]; Brega Transp. Corp. v Brennan, 105 AD3d 985, 987 [2013]). Including specifications in a request for bids often has the effect of disqualifying some potential bidders who cannot meet those specifications, but this reality does not invalidate those specifications. If a challenged specification is not facially anticompetitive, courts apply "ordinary rational basis review" in assessing its validity (Matter of L&M Bus Corp. v New York City Dept. of Educ., 17 NY3d at 160; see Brega Transp. Corp. v Brennan, 105 AD3d at 987). A petitioner bears the burden of demonstrating that the inclusion of the challenged specifications, and the ultimate award of the contract, was the product of actual impropriety, unfair dealing or statutory violation (see Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d 51, 55 [1997]; Matter of Sicoli & Massaro v Grand Is. Cent. School

Dist., 309 AD2d 1229, 1230 [2003]; see also Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 149 [1985]).  Only if a petitioner meets that burden is the municipality required to make a showing that, despite the anticompetitive nature of a bid specification, it is valid because it is essential to the public interest (see Matter of New York State Ch., Inc., Associated Gen. Contrs. of Am. v New York State Thruway Auth., 88 NY2d at 67-68; J.I. Case Co. v Town Bd. of Town of Vienna, 105 AD2d 1077, 1077 [1984]).

The County's bid specification requiring an out of service rate of less than 15% is not facially anticompetitive, as that standard does not, in and of itself, guarantee the award of the contract to a particular bidder (compare Gerzof v Sweeney, 16 NY2d at 209-211).  The bid specification here, requiring a safety rating higher than the minimum allowed by DOT for a motor carrier to continue operating within the state, does have some rational basis rooted in the public interest, namely, attempting to assure the safety of children being transported under the County's care. Petitioner asserted only speculation concerning improper motives and/or unfair dealing.  As petitioner did not meet its burden and the specification had a rational basis, Supreme Court correctly dismissed the petition (see Matter of L&M Bus Corp. v New York City Dept. of Educ., 17 NY3d at 160-161).

Lynch, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court